UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MID-AMERICA CARPENTERS REGIONAL
COUNCIL PENSION FUND; MID-AMERICA
CARPENTERS REGIONAL COUNCIL HEALTH
FUND; MID-AMERICA CARPENTERS REGIONAL
COUNCIL APPRENTICE AND TRAINEE
PROGRAM; and MID-AMERICA CARPENTERS
REGIONAL COUNCIL SUPPLEMENTAL
RETIREMENT FUND,

                       Plaintiffs,

      v.

TJ INSTALLATIONS AND TRUCKING, INC., an
Illinois corporation,

                       Defendant.

23-CV-2800

Judge Jeremy C. Daniel

Magistrate Judge Beth W. Jantz

## <u>MOTION FOR ENTRY OF DEFAULT JUDGMENT</u>

Plaintiffs, the Mid-America Carpenters Regional Council Pension Fund *et al.* (collectively "Trust Funds"), by their attorney Kevin P. McJessy, hereby move this Court pursuant to Federal Rule of Civil Procedure 55 to enter a default judgment against Defendant TJ Installations and Trucking, Inc., an Illinois corporation ("Defendant"). In support of their motion, Trust Funds state as follows:

## <u>COMPLAINT</u>

1. On May 4, 2023, the Trust Funds filed a complaint against the Defendant for unpaid fringe benefit contributions owed to Trust Funds, which are multi-employer funded fringe benefit programs, pursuant to §502 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1132, 1145) (hereinafter referred to as "ERISA") and §301 of the Taft-Hartley Act (29 U.S.C. §185(a)). *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil

actions arising under the Constitution, laws, or treaties of the United States.") *See* Complaint, ECF Docket Doc. No. 1.

2. Defendant was served with the Summons and Complaint on or about June 3, 2023. *See* Affidavit of Service, ECF Docket Doc. No. 7.

## DEFENDANT IS IN DEFAULT

3. Despite overtures from Defendant to Trust Funds' counsel regarding this matter, Defendant has failed to file an appearance in this case.

4. This Court should enter a default judgment against the Defendant pursuant to Federal Rule of Civil Procedure 55(a) because the Defendant has failed to appear. *See* Fed. R. Civ. Pro. 55(a); *Operating Engineers Local 139 Health Benefit Fund v. Rawson Plumbing, Inc.*, 130 F.Supp.2d 1022 (E.D. Wis. 2001), *citing Strong Delivery Ministry Ass'n v. Bd. of Appeals of Cook County*, 543 F.2d 32, 34 (7th Cir.1976) (*per curiam*). A copy of this motion is served on Defendant.

## CLAIM

5. Defendant is a signatory to the Area Agreement with the Mid-America Carpenters Regional Council who signed a Memorandum of Agreement ("Agreement") with the Union on or about June 1, 2003 whereby Defendant agreed to be bound by the Area Agreement, the various trust agreements establishing the Trust Funds (collectively "Trust Agreements"), and "all rules and regulation adopted by the trustees" of the Trust Funds. *See* Complaint ¶¶7-12, Docket Doc. No. 1; Decl. of J. Conklin ¶¶5, 6, EX. 1. The Agreement, the Area Agreement, the Trust Agreements, and the rules and regulation adopted by the trustees of each of the Trust Funds are hereinafter collectively referred to as the "Agreements."

2

6.      The Agreements require Defendant to pay fringe benefit contributions to the Trust Funds for each hour worked by Defendant's Union-member employees and employees performing work falling within the scope of Bargaining Unit Work as defined by the Area Agreement but based upon an audit performed by certified public accounting firm Legacy Professionals, LLP ("Legacy") it was determined that Defendant failed to pay $199,956.37 owed to the Trust Funds for fringe benefit contributions during the period January 2012 to December 2017.  *See* Complaint ¶¶7-15, Docket Doc. No. 1; Decl. of J. Conklin ¶¶7-11, EX. 1.

7.      On August 17, 2020, Defendant signed a Promissory Note ("Note") in favor of the Trust Funds to repay amounts owed and acknowledged in the Note that Defendant "is delinquent in payment to the Funds for the Audit Period of January 2012 through December 2017," that Defendant "promise[d] to pay the sum of $219,951.97 to the Funds," that Defendant agreed that this amount "is due and owing to the Funds under the applicable collective bargaining agreement," and that Defendant promised to pay $4,582.34 per month due on the 15th day of each month beginning October 15, 2020 and continuing monthly until September 15, 2024. *See* Complaint ¶¶16-21, Docket Doc. No. 1; Decl. of J. Conklin ¶¶12-13, EX. 1.

8.      Defendant breached the Note by failing to pay the amounts due.  *See* Complaint ¶23, Docket Doc. No. 1; Decl. of J. Conklin ¶14, EX. 1.

### DAMAGES

9.      The amount owed by Defendant is $240,869.95.

10.     Defendant owes $199,956.37 in unpaid contributions, $78,313.28 in interest, $39,331.30 in liquidated damages, $10,182.50 in auditors' fees, and $5,086.50 in attorneys' fees and costs but less $92,000.00 in payments made by Defendant to Trust Funds.  *See* Decl. of J Conklin ¶¶15-17, EX. 1; Decl. of K. McJessy ¶¶6-8, EX. 2.

3

WHEREFORE, Plaintiffs the Mid-America Carpenters Regional Council Pension Fund *et al.* hereby move this Court to enter judgment in their favor and against Defendant TJ Installations and Trucking, Inc., in the amount of $240,869.95 and award such other relief as this Court deems just and warranted.

MID-AMERICA CARPENTERS REGIONAL COUNCIL PENSION FUND *et al.*

By:  s/ Kevin P. McJessy
    One of Their Attorneys

Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
(773) 880-1265 (facsimile)
mcjessy@MCandT.com

4

## CERTIFICATE OF SERVICE

The undersigned certifies the foregoing **Motion For Entry Of Default Judgment** is served on:

TJ Installations and Trucking, Inc.
c/o Linda Testa, Registered Agent
4202 W 87TH PL
Hometown, IL 60456

via U.S. First Class Mail deposited in the United States Mail Depository located at 3759 N. Ravenswood, Chicago, Illinois with postage prepaid on September 22, 2023.

　/s/ Kevin McJessy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL PENSION FUND; MID-AMERICA CARPENTERS REGIONAL COUNCIL HEALTH FUND; MID-AMERICA CARPENTERS REGIONAL COUNCIL APPRENTICE AND TRAINEE PROGRAM; and MID-AMERICA CARPENTERS REGIONAL COUNCIL SUPPLEMENTAL RETIREMENT FUND,<br><br>Plaintiffs,<br><br>v.<br><br>TJ INSTALLATIONS AND TRUCKING, INC., an Illinois corporation,<br><br>Defendant. | Case No. 23-CV-2800 |

## DECLARATION OF JOHN CONKLIN

I, John Conklin, hereby declare as follows:

1.  I am the Manager, Contributions Department, for the Mid-America Carpenters Regional Council Pension Fund, f/k/a The Chicago Regional Council of Carpenters Pension Fund, the Mid-America Carpenters Regional Council Health Fund f/k/a The Chicago Regional Council of Carpenters Welfare Fund, the Chicago and Northeast Illinois Regional Council of Carpenters Apprentice and Trainee Program, and the Labor/Management Union Carpentry Cooperation Promotion Fund, (collectively, "Trust Funds").

2.  As part of my duties, I am responsible for supervising the collection of contributions for medical, pension and other benefits due from numerous employers pursuant to the Area Agreement negotiated between the Mid-America Regional Bargaining Association and the Mid-America Carpenters Regional Council ("Union") and pursuant to the trust agreements creating the Trust Funds. My duties also include supervising the Trust Funds' audit program whereby employers' fringe benefit contributions are audited by third-party auditing firms engaged by the Trust Funds and negotiating with employers for payment terms of unpaid fringe benefit contributions.

3.  I have been employed by the Trust Funds since 2010, starting as an audit coordinator. In 2017, I became the Audit Department Supervisor. In February 2021, I became the Manager, Audits & Collections. I assumed my present title in January 2023. Prior to working for the Trust Funds, I worked approximately two years for Legacy Professionals, LLP ("Legacy")



PLAINTIFF'S EXHIBIT

1

performing fringe benefit compliance audits for the Trust Funds. Before that I worked approximately two years for James Egan & Associates, Ltd. performing fringe benefit compliance audits for the Trust Funds.

4. Based on my extensive work for the Trust Funds, I am familiar with the terms of the Area Agreement and the trust agreements establishing each of the Trust Funds (collectively the "Trust Agreements").

5. Defendant signed a Memorandum of Agreement ("Agreement") with the Union on or about June 1, 2003. A true and accurate copy of the Agreement is attached as Exhibit A.

6. Pursuant to the Agreement, Defendant agreed to be bound by the Area Agreement, the "Trust Agreements", and "all rules and regulation adopted by the trustees" of the Trust Funds. I will refer to the Agreement, the Area Agreement, the Trust Agreements, and the rules and regulation adopted by the trustees of each of the Trust Funds are hereinafter collectively referred to as the "Agreements."

7. The Agreements require Defendant to pay fringe benefit contributions to the Trust Funds for each hour worked by Defendant's Union-member employees and employees performing work falling within the scope of Bargaining Unit Work as defined by the Area Agreement.

8. The Area Agreement provides in Sections 12.10, 13.8 and 14.8 that "the Employer shall pay in addition to the amount due, reasonable fees of Certified Public Accountants as expressly used to establish the amount due, reasonable fees of Attorney in effectuating payment, and liquidated damages in amount as determined in accordance with the Agreement and Declaration of Trust."

9. The Trust Agreements require an employer who is delinquent in paying fringe benefit contributions to pay liquidated damages on the unpaid fringe benefit contributions at a rate of one-and-a-half percent (1 ½%) compounded monthly and capped at twenty percent (20%). The Trust Agreements also provide that the Trust Funds collect interest on unpaid fringe benefit contributions as allowed by law.

10. The Area Agreement, Trust Agreements and the Employee Retirement Security Act provide that the Trust Funds may also collect interest on unpaid fringe benefit contributions as allowed by law.

11. The Trust Funds hired Legacy, a certified public accounting firm, to audit Defendant's fringe benefit contributions for the period January 2012 to December 2017 ("Audit Period"). Legacy determined that Defendant failed to pay fringe benefit contributions required by the Agreements during the Audit Period in the amount of $199,956.37.

12. On August 17, 2020, Defendant signed a Promissory Note ("Note") in favor of the Trust Funds for the unpaid fringe benefit contributions and liquidated damages. A true and accurate copy of the Note is attached as Exhibit B.

13. Pursuant to the Note, Defendant acknowledged that Defendant "is delinquent in payment to the Funds for the Audit Period of January 2012 through December 2017," Defendant

"promise[d] to pay the sum of $219,951.97 to the Funds," Defendant agreed that this amount "is due and owing to the Funds under the applicable collective bargaining agreement," and Defendant promised to pay $4,582.34 per month due on the 15th day of each month beginning October 15, 2020 and continuing monthly until September 15, 2024.

14. Defendant failed to make the payments required by the Note and therefore breached the Note and is in default. Defendant only sporadically made payments after March 2021 and has not made any payment since December 15, 2022.

15. The total unpaid amount due from Defendant as of September 19, 2023 is summarized as follows:

| | | |
|---|---|---|
| Unpaid Fringe Benefit Contributions | $199,956.37 | |
| Liquidated Damages | $19,995.60 | |
| | $219,951.97 | |
| Promissory Note for Unpaid Fringe Benefit Contributions and Liquidate Damages | | $219,951.97 |
| Payments by TJ Installations, Inc. | | ($92,000.00) |
| Accrued Interest | | $78,313.28 |
| Accrued Liquidated Damages | | $19,995.70 |
| Total Due for Unpaid Fringe Benefit Contributions, Interest, and Liquidated Damages | | $226,260.95 |

16. The Trust Funds paid Legacy $10,182.50 in auditing fees to determine the amount due from Defendant for the Audit Period.

17. Attached to this declaration as Exhibit C is a summary of the interest and liquidated damages accrued as of September 19, 2023. Defendant owes unpaid liquidated damages of $39,991.30 calculated in accordance with the Agreements and $78,313.28 for unpaid interest calculated pursuant to 26 U.S.C. §6621.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

John Conklin, Manager, Contributions Department
Mid-America Carpenters Regional Council Pension & Health Funds


Executed on this 22nd day of September 2023.

# EXHIBIT  A

# MEMORANDUM OF AGREEMENT

Firm  TJ Installations & Trucking, Inc.      Address    4202 West 87th Place

City   Hometown          State  IL      Zip  60456      Phone  708-878-9934

THIS AGREEMENT is entered into between the CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, COOK, DUPAGE, GRUNDY, IROQUOIS, KANE, KANKAKEE, KENDALL, LAKE, MCHENRY and WILL COUNTIES, ILLINOIS, hereinafter referred to as the "UNION' and

## TJ Installations & Trucking, Inc.

its successors and assigns, hereinafter referred to as the "EMPLOYER".

This Agreement is made in consideration of the instant promises of the UNION and the EMPLOYER and the parties do hereby agree as follows:

1.      The EMPLOYER recognizes the UNION as the sole and exclusive bargaining agent for and on behalf of the Employees of the EMPLOYER within the territorial and occupational jurisdiction of the UNION.   Prior to recognition, the EMPLOYER has reviewed valid evidence and agrees that the UNION is the exclusive designated Bargaining Representative of a majority of the appropriate bargaining unit employees of the EMPLOYER.

2.      The EMPLOYER and the UNION, hereby incorporate by reference and agree to be bound by the Area Agreements in effect on the date this document is executed through their respective expiration dates.  Those Agreements include, but are not limited to, the following:

the Area Agreement negotiated between the UNION and the Mid-America Regional Bargaining Association (M.A.R.B.A.), the Agreement negotiated between the UNION and the Residential Construction Employers Council (R.C.E.C.) covering Cook, Lake and DuPage Counties, the Agreement negotiated between the Union and the Contractors Association of Will and Grundy Counties covering Grundy County, the Agreement negotiated between the Union and the Contractors Association of Will and Grundy Counties covering Will County, the Agreement negotiated between the Union and the Residential Construction Employers Council (R.C.E.C.) covering Will County, the contract negotiated between the UNION and the Kankakee and Iroquois County Contractors Association, the Agreement negotiated between the UNION and the Fox Valley Contractors Association, and the Residential Construction Employers Council (R.C.E.C.) covering Kane, Kendall and McHenry County, as well as any contracts negotiated between the UNION and other associations involved in various subtrades within the Union's occupational jurisdiction.

3.      The EMPLOYER agrees to be bound by the terms of the Trust Agreements of the Fringe Benefit Trust Funds to which contributions are required to be made under the Agreements referred to in numbered paragraph 2 hereof and all rules and regulations adopted by the Trustees thereof.  The EMPLOYER further agrees to make prompt payments of the per hour contributions with respect to each Trust Fund for all Employees performing bargaining unit work and/or covered by the Agreement including nonbonded and nonsignatory subcontractors as required by the applicable provisions of each agreement.

4.      This Agreement and the adoption of the Area Agreement and Declarations of Trust referred to in paragraphs two and three above, shall be effective upon the date that this document is executed and remain in full force and effect to and including the expiration date of the respective Area Agreements adopted herein.  Unless the EMPLOYER gives written notice to the UNION of its desire to terminate or modify the Agreement at least three (3) calendar months prior to the expiration of such Agreements, the Agreement shall continue in full force and effect through the full term and duration of all subsequent agreements(s).

5.      EMPLOYER HEREBY ACKNOWLEDGES RECEIPT OF THE AREA AGREEMENT AS WELL AS COPIES OF THE AGREEMENTS INCORPORATED BY REFERENCE THEREOF FOR ALL TEN (10) COUNTIES.

IN WITNESS WHEREOF the parties have executed this Memorandum of   Agreement the
__First_____ day of _June_____ 20 _03_____

EMPLOYER:  __TJ Installations &_____        CHICAGO AND NORTHEAST ILLINOIS
                                                                              DISTRICT COUNCIL OF CARPENTERS
           __Trucking, Inc._____

By:  __Terry Testa_____   __President_____
        (Print or Type Name)          (Title)

_____ 7-4-03__        _____
              (Signature)                                              (District Council Officer)

# EXHIBIT  B

# PROMISSORY NOTE

PRINCIPAL AMOUNT:  $ 219,951.97

FOR VALUE RECEIVED, I, Terry Testa, as agent of T J Installations & Trucking Inc. ("Employer") agree that Employer is a party to a collective bargaining agreement with the Chicago Regional Council of Carpenters.  That agreement requires fringe benefit contributions to various fringe benefit funds including, but not limited to, the Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund, and the Chicago Regional Council of Carpenters Apprentice Training Fund (collectively the "Funds") based upon hours worked by employees and certain subcontractors performing work covered under the collective bargaining agreement.  Currently, the Employer is delinquent in payment to the Funds for the audit period of **January 2012 through December 2017**.

Employer promises to pay the sum of $**219,951.97** to the Funds.  The Employer shall pay that amount in full under the following schedule:

|             | Amount      | Due Date                              |
| ----------- | ----------- | ------------------------------------- |
| Payment 1:  | $4,582.34   | On or before:  October 15, 2020       |
| Payment 2:  | $4,582.34   | On or before:  November 15, 2020      |
| Payment 3:  | $4,582.34   | On or before:  December 15, 2020      |
| Payment 4:  | $4,582.34   | On or before:  January 15, 2021       |
| Payment 5:  | $4,582.34   | On or before:  February 15, 2021      |
| Payment 6:  | $4,582.34   | On or before:  March 15, 2021         |
| Payment 7:  | $4,582.34   | On or before:  April 15, 2021         |
| Payment 8:  | $4,582.34   | On or before:  May 15, 2021           |
| Payment 9:  | $4,582.34   | On or before:  June 15, 2021          |
| Payment 10: | $4,582.34   | On or before:  July 15, 2021          |
| Payment 11: | $4,582.34   | On or before:  August 15, 2021        |
| Payment 12: | $4,582.34   | On or before:  September 15, 2021     |
| Payment 13: | $4,582.34   | On or before:  October 15, 2021       |
| Payment 14: | $4,582.33   | On or before:  November 15, 2021      |
| Payment 15: | $4,582.33   | On or before:  December 15, 2021      |
| Payment 16: | $4,582.33   | On or before:  January 15, 2022       |
| Payment 17: | $4,582.33   | On or before:  February 15, 2022      |
| Payment 18: | $4,582.33   | On or before:  March 15, 2022         |
| Payment 19: | $4,582.33   | On or before:  April 15, 2022         |
| Payment 20: | $4,582.33   | On or before:  May 15, 2022           |
| Payment 21: | $4,582.33   | On or before:  June 15, 2022          |
| Payment 22: | $4,582.33   | On or before:  July 15, 2022          |
| Payment 23: | $4,582.33   | On or before:  August 15, 2022        |
| Payment 24: | $4,582.33   | On or before:  September 15, 2022     |
| Payment 25: | $4,582.33   | On or before:  October 15, 2022       |
| Payment 26: | $4,582.33   | On or before:  November 15, 2022      |
| Payment 27: | $4,582.33   | On or before:  December 15, 2022      |
| Payment 28: | $4,582.33   | On or before:  January 15, 2023       |
| Payment 29: | $4,582.33   | On or before:  February 15, 2023      |
| Payment 30: | $4,582.33   | On or before:  March 15, 2023         |

1 of 2

Payment 31:   $4,582.33            On or before:  April 15, 2023
Payment 32:   $4,582.33            On or before:  May 15, 2023
Payment 33:   $4,582.33            On or before:  June 15, 2023
Payment 34:   $4,582.33            On or before:  July 15, 2023
Payment 35:   $4,582.33            On or before:  August 15, 2023
Payment 36:   $4,582.33            On or before:  September 15, 2023
Payment 37:   $4,582.33            On or before:  October 15, 2023
Payment 38:   $4,582.33            On or before:  November 15, 2023
Payment 39:   $4,582.33            On or before:  December 15, 2023
Payment 40:   $4,582.33            On or before:  January 15, 2024
Payment 41:   $4,582.33            On or before:  February 15, 2024
Payment 42:   $4,582.33            On or before:  March 15, 2024
Payment 43:   $4,582.33            On or before:  April 15, 2024
Payment 44:   $4,582.33            On or before:  May 15, 2024
Payment 45:   $4,582.33            On or before:  June 15, 2024
Payment 46:   $4,582.33            On or before:  July 15, 2024
Payment 47:   $4,582.33            On or before:  August 15, 2024
Payment 48:   $4,582.33            On or before:  September 15, 2024

I also agree and acknowledge that as an express condition of the agreement, Employer will make timely payment of all future contributions due to the Funds.

Employer understands that by accepting this Note, the Trustees of the Funds do not waive any right to collect unpaid contributions, assess withdrawal liability, or conduct an audit of the Employer's books and records. By executing this Note, Employer agrees that the above amount is due and owing to the Funds under the applicable collective bargaining agreement. If a lawsuit is filed against the Employer to collect any unpaid amounts on this Note, the Employer does hereby waive any and all statutory and contractual defenses except the defense of payment.

To secure payment of the above stated amounts due, the undersigned hereby authorizes irrevocably an attorney of any court of record to appear for the undersigned in such court, at any time, and confess a judgment, without process, in favor of the holder of this note for such amount as may appear to be unpaid thereon together with reasonable cost of collection, including attorneys fees and to waive any errors which may intervene in any such proceedings, and consent to immediate execution upon judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof.

The undersigned is liable for the amount due hereunder, and does hereby waive presentment for payment, notice of dishonor or protest. The undersigned acknowledges that this Promissory Note may be executed in one or more copies, all of which shall constitute and be construed as a single instrument upon delivery and exchange of such signed copies by the parties. Any party may execute and deliver a copy of this Promissory Note by delivery by facsimile or electronic mail transmission a signature page of this Promissory Note, as applicable, signed by such party, and any such facsimile or electronic mail signature shall be treated in all respects as having the same effect as having an original signature.
The undersigned also acknowledges this two page agreement as being accurate of the intent of the Funds and the Employer.

_____

_TERRY TEST_, as _OWNER_ of **T J Installations & Trucking Inc**
    (Name)            (Title)

Date: 8/17/2020

Accepted by the Trust Funds: _____

Angelica Ambrose, Audits & Collections Manager

# EXHIBIT C

# Interest & Damages Summary

Account Number: 23615                                     Calculation Date: September 19, 2023

Employer:        T J Installations & Trucking Inc
Address:         5900 W 65th St
                 Chicago, IL 60638

| Reporting Period | Delinquency Amount | Interest | Liquidated Damages | Total Due |
|---|---|---|---|---|
| May 2013 | $3,093.24 | $1,614.99 | $618.65 | $5,326.88 |
| June 2013 | $1,014.34 | $525.75 | $202.87 | $1,742.96 |
| August 2013 | $806.10 | $411.73 | $161.22 | $1,379.05 |
| October 2013 | $967.32 | $486.69 | $193.46 | $1,647.47 |
| January 2014 | $819.54 | $403.07 | $163.91 | $1,386.52 |
| July 2014 | $6,931.58 | $3,256.69 | $1,386.32 | $11,574.59 |
| August 2014 | 6910.49 | $3,220.93 | $1,382.10 | $11,513.52 |
| September 2014 | $6,896.43 | $3,189.70 | $1,379.29 | $11,465.42 |
| October 2014 | $8,717.20 | $3,999.40 | $1,743.44 | $14,460.04 |
| November 2014 | $8,717.20 | $3,968.32 | $1,743.44 | $14,428.96 |
| December 2014 | $5,476.37 | $2,473.14 | $1,095.27 | $9,044.78 |
| June 2015 | $3,225.92 | $1,387.19 | $645.18 | $5,258.29 |
| July 2015 | $2,384.69 | $1,016.91 | $476.94 | $3,878.54 |
| August 2015 | $512.05 | $216.50 | $102.41 | $830.96 |
| September 2015 | $512.05 | $214.70 | $102.41 | $829.16 |
| October 2015 | $4,015.94 | $1,669.52 | $803.19 | $6,488.65 |
| November 2015 | $1,514.21 | $624.26 | $302.84 | $2,441.31 |
| December 2015 | $1,506.89 | $615.95 | $301.38 | $2,424.22 |
| January 2016 | $6,898.05 | $2,793.71 | $1,379.61 | $11,071.37 |
| February 2016 | $5,859.32 | $2,353.93 | $1,171.86 | $9,385.11 |
| March 2016 | $5,844.69 | $2,322.65 | $1,168.94 | $9,336.28 |
| June 2016 | $13,429.65 | $5,151.73 | $2,685.93 | $21,267.31 |
| July 2016 | $8,158.34 | $3,092.15 | $1,631.67 | $12,882.16 |
| August 2016 | $6,916.69 | $2,589.14 | $1,383.34 | $10,889.17 |
| September 2016 | $7,503.24 | $2,775.17 | $1,500.65 | $11,779.06 |
| October 2016 | $11,967.09 | $4,370.55 | $2,393.42 | $18,731.06 |
| November 2016 | $11,959.48 | $4,314.72 | $2,391.90 | $18,666.10 |
| December 2016 | $12,538.41 | $4,466.85 | $2,507.68 | $19,512.94 |
| January 2017 | $4,974.23 | $1,748.15 | $994.85 | $7,717.23 |
| February 2017 | $4,540.03 | $1,576.58 | $908.01 | $7,024.62 |
| March 2017 | $4,517.18 | $1,548.00 | $903.44 | $6,968.62 |
| June 2017 | $7,663.20 | $2,524.59 | $1,532.64 | $11,720.43 |
| July 2017 | $6,234.33 | $2,026.28 | $1,246.87 | $9,507.48 |
| August 2017 | $6,218.37 | $1,993.19 | $1,243.67 | $9,455.23 |
| September 2017 | $6,841.00 | $2,163.40 | $1,368.20 | $10,372.60 |
| October 2017 | $3,871.51 | $1,207.05 | $774.30 | $5,852.86 |
| Totals | $199,956.37 | $78,313.28 | $39,991.30 | $318,260.95 |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MID-AMERICA CARPENTERS REGIONAL
COUNCIL PENSION FUND; MID-AMERICA
CARPENTERS REGIONAL COUNCIL HEALTH
FUND; MID-AMERICA CARPENTERS REGIONAL
COUNCIL APPRENTICE AND TRAINEE
PROGRAM; and MID-AMERICA CARPENTERS
REGIONAL COUNCIL SUPPLEMENTAL
RETIREMENT FUND,

                Plaintiffs,

     v.

TJ INSTALLATIONS AND TRUCKING, INC., an
Illinois corporation,

                Defendant.

Case No. 23-CV-2800

## DECLARATION OF KEVIN P. MCJESSY

I, Kevin P. McJessy, hereby declare, under penalty of perjury pursuant to the laws of the United States, as follows:

1. I am one of the attorneys representing the Mid-America Carpenters Regional Council Pension Fund ("Pension Fund"); Mid-America Carpenters Regional Council Health Fund ("Health Fund"); the Mid-America Carpenters Regional Council Apprentice and Trainee Program ("Trainee Program"); and the Mid-America Carpenters Regional Council Supplemental Retirement Fund ("Retirement Fund") (collectively "the Trust Funds") in the above-captioned lawsuit ("Lawsuit") against TJ Installations and Trucking, Inc., an Illinois corporation ("Defendant").

2. I have been licensed to practice law in the State of Illinois and the United States District Court for the Northern District of Illinois since 1995. I am an attorney with McJessy, Ching & Thompson, LLC ("MC&T").

PLAINTIFF'S
EXHIBIT
2

3. As part of my practice, I handle claims under ERISA. I personally represented the Trust Funds in this Lawsuit. I have represented the Trust Funds in this Lawsuit since its inception.

4. John Sopata is an attorney with MC&T. He has been licensed to practice law in Illinois since 1999.

5. Sheila Keating is a paralegal with MC&T. She has been a paralegal since 1987.

6. The Trust Funds have incurred $5,086.50 in fees and expenses to compel Defendant to comply with its obligations under the terms of the collective bargaining agreement and applicable trust agreements.

7. The Trust Funds have collectively incurred fees totaling $4,439.50 for 15.2 hours of attorney services and $156.00 for 1.3 hours of paralegal services. A redacted copy of the client ledger showing the time spent and a description of the work performed is attached as Exhibit A.

| Name | Services | Hours | Rate | Total |
|---|---|---|---|---|
| Kevin McJessy ("KM") | Attorney | 137.10 | $295/hr. | 4,189.50 |
| John Sopata ("JS") | Attorney | 34.70 | $250/hr | 250.00 |
| Sheila Keating ("SK) | Paralegal | 25.80 | $120/hr. | 156.00 |
| Total | | 197.60 | | |

The hourly rate for attorneys and paralegals charged to the Trust Funds as set forth above is consistent with the rates approved in the Northern District of Illinois for ERISA collection work. *See, e.g., Rappa v. Sun Life Assur. Co.*, 2014 U.S. Dist. LEXIS 124896, *11 (W.D. Wis. Sept. 8, 2014) ("Sun Life does not object to plaintiff's counsel's rate of $300 per hour, and the court finds that rate reasonable given the nature of ERISA cases."); *Board of Trustees of the Rockford Pipe*

*Trades Indus. Pension Fund v. Fiorenza Enters.*, 2011 U.S. Dist. LEXIS 28209, 21-22 (N.D. Ill. Mar. 18, 2011) ("the court finds that the hourly rates [of $195, $210 and $235 per hour] . . . are reasonable" for fringe benefit trust funds lawsuit against employer to collect unpaid contributions); *Divane v. Mitchell Sec. Sys.*, 2008 U.S. Dist. LEXIS 27825 (N.D. Ill. Apr. 7, 2008) ("The court finds that the billing rates [of $220.00 to 240.00 for attorneys] are reasonable.").

8.    The Trust Funds incurred $491.00 in expenses for the filing fee and service of process.  A copy of these costs is shown on the client ledger attached as Exhibit A.

9.    The attorneys' fees, paralegal fees and costs charged to the Trust Funds in this matter are consistent with MC&T's regular charges for services to the Trust Funds on similar matters and are substantially reduced from MC&T for other clients.

10.    I have personal knowledge of the matters stated in this affidavit and could testify competently to them.

FURTHER AFFIANT SAYETH NOT.

_____

Kevin P. McJessy

Case: 1:23-cv-02800 Document #: 11 Filed: 09/22/23 Page 21 of 25 PageID #:56

Client Ledger

ALL DATES

| Date | Received From/Paid T | Explanation | Lwy | Hours | Amount | Disbs |
|---|---|---|---|---|---|---|
| **1000** | **Mid-America Carpenters Regional Council** | | | | | |
| **0363-TJIN** | **TJ Installations & Trucking, Inc. - Audits** | | **Resp Lawyer: KM** | | | |
| 4/21/2023 | Lawyer: KM 0.10 Hrs X 295.00 | Exchanged correspondence with J. Conklin regarding referral matter; and, downloaded file from Dropbox. | KM | 0.10 | 29.50 | |
| 4/25/2023 | Lawyer: JS 1.00 Hrs X 250.00 | Researched federal cause of action ███████ ███████████████ | | 1.00 | 250.00 | |
| 4/25/2023 | Lawyer: KM 2.20 Hrs X 295.00 | Reviewed audit referral file for assessment of claim and preparation of complaint; and, reviewed case authority related to █████. | KM | 2.20 | 649.00 | |
| 4/30/2023 | RELX Inc.d/b/a LexisNexis | Legal Research month of April 2023 - | | 0.00 | | 1.32 |
| 4/30/2023 | RELX Inc.d/b/a LexisNexis | Legal Research month of April 2023 - | | 0.00 | | 23.02 |
| 5/2/2023 | Lawyer: KM 2.90 Hrs X 295.00 | Reviewed audit referral file materials; and, prepared complaint against TJ Installations, Inc for breach of note. | KM | 2.90 | 855.50 | |
| 5/3/2023 | Lawyer: KM 0.30 Hrs X 295.00 | Final review and edits to complaint; and, prepared correspondence to J. Conklin forwarding draft complaint and ████ ████████████ | KM | 0.30 | 88.50 | |
| 5/3/2023 | Lawyer: KM 0.20 Hrs X 295.00 | Reviewed correspondence from J. Conklin approving complaint; reviewed summons, civil cover sheet, and appearance forms; and, coordinate with S. Keating to file same. | KM | 0.20 | 59.00 | |
| 5/4/2023 | Lawyer: SK 0.20 Hrs X 120.00 | Filed complaint with court. | SK | 0.20 | 24.00 | |
| 5/4/2023 | Lawyer: SK 0.10 Hrs X 120.00 | Filed civil cover sheet with court. | SK | 0.10 | 12.00 | |
| 5/4/2023 | Lawyer: SK 0.10 Hrs X 120.00 | Filed K. McJessy appearance with court. | SK | 0.10 | 12.00 | |
| 5/4/2023 | Lawyer: SK 0.10 Hrs X 120.00 | Updated open file report to include TJ Installations' case number, judge and magistrate assignments. | SK | 0.10 | 12.00 | |
| 5/4/2023 | Lawyer: SK 0.10 Hrs X 120.00 | Reviewed ECF court notice of judges' assignments and updated summons as appropriate. | SK | 0.10 | 12.00 | |
| 5/4/2023 | Lawyer: SK 0.10 Hrs X 120.00 | Prepared email correspondence to court intake clerks forwarding summons for issuance. | SK | 0.10 | 12.00 | |
| 5/4/2023 | Lawyer: SK 0.10 Hrs X 120.00 | Prepared correspondence to J. Conklin ███████████████████ | SK | 0.10 | 12.00 | |

**PLAINTIFF'S EXHIBIT**

**A**

Case: 1:23-cv-02800 Document #: 11 Filed: 09/22/23 Page 22 of 25 PageID #:57

Client Ledger
ALL DATES

| Date | Received From/Paid T | Explanation | Lwy | Hours | Amount | Disbs |
|---|---|---|---|---|---|---|
| | | ██████████████. | | | | |
| 5/4/2023 | Lawyer: SK 0.20 Hrs X 120.00 | Prepared email correspondence forwarding summons and complaint to process server for service with note that either Terry or Linda Testa can be served in their corporate capacities on behalf of TJ Installations. | SK | 0.20 | 24.00 | |
| 5/4/2023 | Lawyer: KM 0.30 Hrs X 295.00 | Engaged in final review and edits to complaint and to correct minor typographical errors. | KM | 0.30 | 88.50 | |
| 5/4/2023 | Lawyer: KM 0.10 Hrs X 295.00 | Reviewed ECF notice of electronic filing from clerk of court of assignment of Judge Jenkins and Magistrate Jantz. | KM | 0.10 | 29.50 | |
| 5/10/2023 | Lawyer: KM 0.10 Hrs X 295.00 | Reviewed ECF court order of Judge Jenkins regarding setting of initial status report submission date. | KM | 0.10 | 29.50 | |
| 5/15/2023 | Lawyer: KM 0.20 Hrs X 295.00 | Telephone call with T. Testa regarding notice that lawsuit has been filed against his company and intent to pay obligation but requirement for more time. | KM | 0.20 | 59.00 | |
| 5/15/2023 | Lawyer: KM 0.10 Hrs X 295.00 | Prepared correspondence to J. Conklin regarding ██████████████. | KM | 0.10 | 29.50 | |
| 5/22/2023 | Billing on Invoice 16450 | FEES 928.50 DISBS 24.34 | | | | 0.00 |
| 5/30/2023 | Lawyer: SK 0.10 Hrs X 120.00 | Prepared email correspondence to process server regarding status update. | SK | 0.10 | 12.00 | |
| 5/31/2023 | Chase Card Services | Filing Fee Complaint | | 0.00 | | 402.00 |
| 5/31/2023 | RELX Inc.d/b/a LexisNexis | Legal Research month of May 2023 | | 0.00 | | 10.16 |
| 6/3/2023 | Mid America Carpenters Regional Pension Fund | PMT - | | 0.00 | | |
| 6/5/2023 | Lawyer: KM 0.20 Hrs X 295.00 | Telephone call from T. Testa regarding receipt of complaint served this weekend, desire to pay but does not have the money at this time. | KM | 0.20 | 59.00 | |
| 6/6/2023 | Lawyer: KM 0.10 Hrs X 300.00 | Reviewed ECF court order of Judge Jenkins regarding setting of initial status hearing for 7/25/23. | KM | 0.10 | 30.00 | |
| 6/19/2023 | Lawyer: SK 0.20 Hrs X 120.00 | Reviewed process server's affidavit and filed same with summons. | SK | 0.20 | 24.00 | |
| 6/19/2023 | Lawyer: KM 0.10 Hrs X 295.00 | Reviewed documents related to successful service of summons and arranged with S. Keating to file same. | KM | 0.10 | 29.50 | |
| 6/20/2023 | Billing on Invoice 16551 | FEES 1371.00 DISBS 412.16 | | | | 0.00 |

Case: 1:23-cv-02800 Document #: 11 Filed: 09/22/23 Page 23 of 25 PageID #:58

Client Ledger
ALL DATES

| Date | Received From/Paid T | Explanation | Lwy | Hours | Amount | Disbs |
|---|---|---|---|---|---|---|
| 6/27/2023 | It' s Your Serve | Process Server recovery -Summons, Complaint | | 0.00 | | 89.00 |
| 6/27/2023 | Lawyer: KM 0.10 Hrs X 295.00 | Reviewed ECF court order of Judge Jenkins regarding setting status report due date. | KM | 0.10 | 29.50 | |
| 6/28/2023 | Lawyer: KM 0.10 Hrs X 295.00 | Reviewed ECF notice of electronic filing from clerk of court regarding case reassignment. | KM | 0.10 | 29.50 | |
| 6/30/2023 | Lawyer: KM 0.20 Hrs X 295.00 | Telephone call with T. Miller regarding potential representation of TJ Installations, status of payment plan, and status of case. | KM | 0.20 | 59.00 | |
| 7/11/2023 | Lawyer: KM 0.50 Hrs X 295.00 | Reviewed file materials related to overdue status report; reviewed Court's website for status report submission; drafted status report and filed same via ECF Filing System. | KM | 0.50 | 147.50 | |
| 7/17/2023 | Billing on Invoice 16629 | FEES 260.50 DISBS 89.00 | | | | 0.00 |
| 7/19/2023 | Mid-America Carpenters Regional Council | PMT - | | 0.00 | | |
| 7/28/2023 | Mid-America Carpenters Regional Pension Fund | PMT - | | 0.00 | | |
| 8/21/2023 | Billing on Invoice 16721 | FEES 147.50 | | | | 0.00 |
| 8/29/2023 | Mid America Carpenters Regional Pension Fund | PMT - | | 0.00 | | |
| 9/19/2023 | Lawyer: KM 0.20 Hrs X 295.00 | Reviewed case file for status of appearance by defendant and further response to complaint; and, prepared correspondence to J. Conklin asking for updated interest and liquidated damages calculation. | KM | 0.20 | 59.00 | |
| 9/20/2023 | Billing on Invoice 16776 | | | | | 0.00 |
| 9/22/2023 | Lawyer: KM 6.20 Hrs X 295.00 | Prepared motion for entry of default judgment including preparation of motion for default judgment and reviewed documents as necessary to prepare motion; drafted declaration of J. Conklin in support of motion for default and reviewed file materials to assemble exhibits for same and reviewed documents as necessary to prepare declaration; exchanged numerous correspondence with J. Conklin over | KM | 6.20 | 1829.00 | |

ALL DATES

| Date | Received From/Paid T | Explanation | Lwy | Hours | Amount | Disbs |
|---|---|---|---|---|---|---|
| | | changes to declaration and supporting documents; telephone call with J. Conklin concerning his declaration and changes thereto; prepared KPM declaration in support of petition for attorneys' fees and prepared exhibit to declaration of K. McJessy supporting request for attorneys' fees and costs., | | | | |

| TOTALS | CHE | RECOV | + FEES | = TOTAL | DISBS | + FEES | + TAX | ECEIPTS | = A/R | TRUST |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | UNBILLED | | | BILLED | | | ALANCE | |
| PERIOI | 0.00 | 0.00 | 1888.00 | 1888.00 | 525.50 | 2707.50 | 0.00 | 3233.00 | 0.00 | 0.00 |
| END D | 0.00 | 0.00 | 1888.00 | 1888.00 | 525.50 | 2707.50 | 0.00 | 3233.00 | 0.00 | 0.00 |

| FIRM TC | CHE | RECOV | + FEES | = TOTAL | DISBS | + FEES | + TAX | ECEIPTS | = A/R | TRUST |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | UNBILLED | | | BILLED | | | ALANCE | |
| PERIOI | 0.00 | 0.00 | 1888.00 | 1888.00 | 525.50 | 2707.50 | 0.00 | 3233.00 | 0.00 | 0.00 |
| END D | 0.00 | 0.00 | 1888.00 | 1888.00 | 525.50 | 2707.50 | 0.00 | 3233.00 | 0.00 | 0.00 |

REPORT SELECTIONS - Client Ledger

| | |
|---|---|
| Layout Template | Attorneys Fee Petition |
| Advanced Search Filter | None |
| Requested by | ADMIN |
| Finished | Friday, September 22, 2023 at 02:28:20 PM |
| Ver | 13.0 SP2 (13.0.20140210) |
| Matters | 0363-TJIN |
| Clients | All |
| Major Clients | All |
| Client Intro Lawyer | All |
| Matter Intro Lawyer | All |
| Responsible Lawyer | All |
| Assigned Lawyer | All |
| Type of Law | All |
| Select From | Active, Inactive, Archived Matters |
| Matters Sort by | Default |
| New Page for Each Lawyer | No |
| New Page for Each Matter | No |
| No Activity Date | Dec/31/2199 |
| Firm Totals Only | No |
| Totals Only | No |
| Entries Shown - Billed Only | No |
| Entries Shown - Disbursements | Yes |
| Entries Shown - Receipts | Yes |
| Entries Shown - Time or Fees | Yes |
| Entries Shown - Trust | Yes |

Case: 1:23-cv-02800 Document #: 11 Filed: 09/22/23 Page 25 of 25 PageID #:60

Client Ledger
ALL DATES

| Date | Received From/Paid | Explanation | Lwy | Hours | Amount | Disbs |
|------|--------------------|-------------|-----|-------|--------|-------|

Incl. Matters with Retainer Bal          No
Incl. Matters with Neg Unbld Disb        No
Trust Account                            All
Working Lawyer                           All
Include Corrected Entries                No
Show Check # on Paid Payables            No
Show Client Address                      No
Consolidate Payments                     No
Show Trust Summary by Account            No
Show Interest                            No
Interest Up To                           Sep/22/2023
Show Invoices that Payments Were Applied  No
Display Entries in                       Date Order